## SPELMAN vs. THE CITY OF PORTAGE.

WATERCOURSES: CITIES.    *Damages to land from obstructing flow of water, by highway.*

When a city constructs a street in a negligent and unskillful manner (as without proper culverts or drains), so as to prevent the waters of a neighboring river, in times of high water, from passing in their natural course into another neighboring river, and thus causes land to be overflowed and injured, it is liable in damages to the owner of the land. *Alexander v. Milwaukee*, 18 Wis., 64; *Pettigrew v. Evansville*, 25 id., 223, and *Hoyt v. Hudson*, 27 id., 656. distinguished.

APPEAL from the Circuit Court for *Columbia* County.

The complaint alleges that the defendant city, in 1874, constructed a highway within its municipal limits, about two miles in length, raised about four feet above the general level of the ground, across a flat tract of marsh land dividing the Wisconsin and Baraboo rivers; that the Wisconsin river fre-

quently overflows its banks, and from time immemorial it has been the natural course of the water to pass over a portion of said flat land, and flow from the Wisconsin river to the low land, beyond the place where said highway is constructed, and thence to the Baraboo river, " and southwesterly back again to the channel of the Wisconsin river; " that in all times of high water, or whenever the waters of the Wisconsin river overflow its low-water banks, the course of the water is over a portion of said flat land, and the same is the water-course of said river; that defendant negligently and unskillfully constructed said highway, without providing it with sufficient culverts, bridges and sewers, so as to enable the water to pass through and flow in its natural and accustomed course, etc.; and that, solely by reason of the negligent and unskillful construction of said highway, the waters were obstructed during April, 1875, and caused to flow back upon and submerge certain described lots in said city, of which plaintiff was in the possession, and to destroy certain described personal property of the plaintiff, to his damage, etc.

The answer denies that there was any natural water-course across any portion of the lands where said highway was constructed; and alleges that the raising and grading of said highway was necessary, in order to render it safe and convenient for the public.

On the trial, defendant objected to the admission of any evidence under the complaint, on the ground that it did not state a cause of action; but the objection was overruled. The evidence need not be stated. The court instructed the jury that if the city had so constructed a street within its limits, as to cause the waters of the Wisconsin river, in one of its usual high stages of water, to set back and over lots upon which plaintiff resided, when, but for such street and its manner of construction, it would not have done so, and that, as a direct consequence of such flowage, certain personal property of his, kep* on such lots, was injured while he was exercising such care of

it as persons of ordinary caution and prudence usually exercise under like circumstances, then plaintiff was entitled to a verdict for the amount of the damages so suffered.

Verdict and judgment for the plaintiff; and defendant appealed.

For the appellant, a brief was filed signed by *J. B. Taylor* and *A. G. Cook*, and the cause was argued orally by *Mr. Taylor:*

1. It is evident from the complaint and the evidence, that the waters which caused the damage have not the character of a water-course or natural stream, as defined by law. *Hoyt v. Hudson*, 27 Wis., 656; *Shield v. Arndt*, 3 Green's Eq., 234; *Luther v. Winnisimmet County*, 9 Cush., 171; Washb. on Easem., 209, 210. It appears that a portion of the low flat land, between the two rivers, is platted as a part of the city of Portage; that it is occupied by actual residents; and that streets are laid out upon and across it. This does not indicate a natural channel or water-course. It appears, moreover, that plaintiff has buildings and hay-stacks upon the tract, and he fails to show what right he has to obstruct the water-course, if there be one, at that place. Moreover, if this is a water-course, then, should the city of Portage, or the owner of higher lands on the bank of the Wisconsin, construct a levee along that river, to prevent the overflow of these lower lands, plaintiff might complain that his lands had been cut off from the natural water-course, and claim damages for such obstruction. These waters are in fact mere surface waters; and the proprietor of the lower tenement or estate may lawfully obstruct their natural flow, and in so doing may turn them back upon the lands of other proprietors, without liability for injury thence ensuing (*Hoyt v. Hudson, supra*); and this principle is applicable to villages and cities interrupting the flow of surface water across lands held by them for public uses, for the purpose of improving streets, etc. Angell on W. C., 4, 5, 138; *Radcliff's Ex'rs v. Mayor*, 4 Coms., 195; *Mills v.*

*Brooklyn*, 32 N. Y., 489; *Coster v. Mayor*, 43 id., 399; *Wilson v. Mayor*, 1 Denio, 595; *Alexander v. Milwaukee*, 16 Wis., 256; *Pettigrew v. Evansville*, 25 id., 223.   2.   This street was improved under the authority of the city of Portage, by its officers and agents.   Their acts were judicial; and even if they were done unskillfully, the city would not be liable to a private action for damages accruing from that cause. 4 Term, 799; *Mills v. Brooklyn* and *Coster v. Mayor, supra; Stadler v. Milwaukee*, 34 Wis., 98.

For the respondent, a brief was filed by *Cox & Rogers*, and there was oral argument by *G. J. Cox*.   They cited, in support of the judgment, *Smith v. Milwaukee*, 18 Wis., 63; *Pettigrew v. Evansville*, 25 id., 223; *Parker v. Milwaukee*, 30 id., 365; *Arimond v. G. B. & M. Canal Co.*, 31 id., 316; *Rochester White Lead Co. v. Rochester*, 3 Coms., 463; *Nims v. Mayor*, 59 N. Y., 500; *Thurston v. St. Joseph*, 51 Mo., 510; *City of Bloomington v. Brokaw*, 77 Ill., 194.

COLE, J.   Under the charge of the circuit court, the jury must have found that the city authorities constructed, or caused to be constructed, the graded street or causeway across the bottom in a negligent and unskillful manner, without providing sufficient culverts, bridges or sewers to enable the waters of the Wisconsin river, at times of high water, to pass through or flow in their natural course toward or into the Baraboo river, and that, as a consequence, the waters were obstructed, and overflowed the premises of the plaintiff, and caused the injury of which he complains.   There was certainly abundant testimony to support such a finding; and we are unable to see why a cause of action was not established against the city.   It would seem plain that the city authorities had no right to construct the street in a negligent and unskillful manner, and thus cause the waters to be obstructed and overflow the property of citizens.   The injury was direct, caused by the failure to provide sufficient culverts for the passage of

the waters through the graded highway as they had been accustomed to flow. We know of no principle of law which justified the city in making an embankment without proper culverts or drains, and thus damming up the waters and caus-ing them to destroy the plaintiff's property. The doctrine of *Alexander v. The City of Milwaukee*, 16 Wis., 248; *Smith v. The City of Milwaukee*, 18 id., 64; *Pettigrew v. The Village of Evansville*, 25 id., 223; and *Hoyt v. The City of Hudson*, 27 id., 656, afford no sanction to any such right on the part of the city. In *Alexander v. The City of Milwaukee*, a public improvement was made by the city in a careful and circumspect manner, under authority granted by the legislature; and this court held that the city was not answerable for consequential damages produced thereby to property in the vicinity of the improvement. In *Pettigrew v. The Village of Evansville*, the right of the village authorities to discharge the surface waters accumulating in a pond upon the lands of the plaintiff, to his permanent injury, was denied. There it was. claimed that it was necessary to drain the pond in order to improve the streets in the village. In the Hoyt case, the city of Hudson, in grading and raising a street through a ravine, obstructed the surface waters which occasionally flowed down the ravine, and caused them to flow upon the premises of the plaintiff adjacent to the street. It was held that a city, town or village, in respect to a public street, had the same rights as private owners to obstruct or repel the flow of surface water from such street.

In the case before us it is obvious that the waters which were obstructed were not surface waters. They were the waters of the Wisconsin river, which, in its usual high stages, were accustomed to flow across this bottom into the Baraboo river. The effect of the road obviously would be to dam these waters, and proper and sufficient culverts should have been provided for passing the waters through the embankment. But, because the road was negligently and unskillfully built,

no such provision was made for the flow of the waters in their natural course. It seems to us the city was liable for damages accruing from the negligent and improper manner of constructing the highway.

The position that the city authorities, in making the street, were acting judicially, so that the city would not be liable even if the work was negligently done, is, we think, too manifestly unsound to require argument in its refutation.

*By the Court.* — The judgment of the circuit court is affirmed.