## Smith vs. Gould and others.

*September 3 — September 23, 1884.*

*(1) Ditches for preservation of highway: Liability of town officers for error of judgment. (2) Eminent domain: When land is taken. (3) Amendment of pleading: Discretion: Demurrer: Appeal.*

1. When the officers of a town in constructing a ditch for the improvement or preservation of a highway, under sec. 1236, R. S., proceed within their jurisdiction, with an honest purpose to serve the public, carefully avoiding the doing of any unnecessary injury, they are not personally liable for damage resulting from an error of judgment as to the best location or method of construction of such ditch.

2. By the construction of a ditch for the purpose of preserving a highway the waters of a river were diverted from one part of the land of a riparian proprietor and thrown upon another part thereof in such a way as to change the condition and cut away a portion of the bank. *Held,* that there was a taking of his land, within the meaning of the statute (secs. 1236, 1237, R. S.), and that he was entitled to compensation therefor. See *Smith v. Gould,* 59 Wis. 631.

3. It is an abuse of discretion to allow the filing of an amended complaint which does not state a cause of action, and the sufficiency of the complaint may be determined on an appeal from the order allowing it to be filed.

APPEAL from the Circuit Court for *Monroe* County.

The cause was before this court upon a former appeal and is reported in 59 Wis. 631. From that report and from the opinion herein the facts sufficiently appear. This appeal is by the defendants from an order permitting the filing of an amended complaint.

For the appellants there were briefs by *Tyler & Dickinson* and *Cameron, Losey & Bunn,* and oral argument by *Mr. Bunn.* They argued, among other things, that even the town itself was not liable for the consequences of an error of judgment in the selection of a *plan* for the work; and *a fortiori* the defendants are not liable. Dillon on Mun. Corp. 801; *Child v. Boston,* 4 Allen, 41; *Mills v. Brooklyn,*

32 N. Y. 489; *McCarthy v. Syracuse*, 46 id. 194; *Wicks v. De Witt*, 54 Iowa, 130; *Lansing v. Toolan*, 37 Mich. 152; *Detroit v. Beckman*, 34 id. 125. Whatever may be the liability of the town, the town officers are not personally liable even for the negligent construction of the ditch. 2 Thomp. on Neg. 818, 819; *Sutton v. Clarke*, 6 Taunt. 29; *Young v. Davis*, 2 Hurl. & Colt. 197; *Bartlett v. Crozier*, 17 Johns. 439.

For the respondent there were briefs by *Morrow & Masters*, attorneys, and *Pinney & Sanborn*, of counsel, and oral argument by *Mr. Pinney*. They contended, *inter alia*, that the complaint states a good cause of action for damages resulting to a riparian owner *directly*, and not remotely, from changing the course of flow of the waters of a natural watercourse. The distinction as to what may be done without incurring liability in the case of surface water, and what may be done in the case of a natural watercourse must be borne in mind. As to surface water, see *Hoyt v. Hudson*, 27 Wis. 656. As to natural watercourses, see *Spelman v. Portage*, 41 Wis. 144; *Delaplaine v. C. & N. W. R'y Co.* 42 id. 214; *O'Connor v. F. du L., A. & P. R'y Co.* 52 id. 531; *Sprague v. Worcester*, 13 Gray, 193. Unless acting under some valid *special* legislative authority a town or its officers, like private individuals, must exercise their own rights so as not to injure that which belongs to another 2 Dillon on Mun. Corp. sec. 985; *Harper v. Milwaukee*, 30 Wis. 365. A municipal corporation is no more exempt from liability in case it creates a nuisance either public or private in the exercise of its general powers, than an individual. *Weet v. Brockport*, 16 N. Y. 161, 172, in note; *Wilson v. New Bedford*, 108 Mass. 261; *Hill v. Boston*, 122 id. 344, 358, and cases cited; *Whitehouse v. Fellowes*, 10 Com. B. (N. S.), 765; *Brayton v. Fall River*, 113 Mass. 218; *Ashley v. Port Huron*, 35 Mich. 296; *St. Peter v. Denison*, 58 N. Y. 416; *Spelman v. Portage*, 41 Wis. 144. The power to repair and protect highways must be reasonably

exercised.  *Rowe v. Corporation*, 29 U. C. Q. B. 590; *Perdue v. Corporation*, 25 id. 61; *Haynes v. Burlington*, 38 Vt. 358.  See, also, 2 Dillon on Mun. Corp. sec. 1042.  Town officers are liable for negligent conduct when performing or pretending to perform official duties.  2 Thomp. on Neg. 742, 818, 819, 823, 824; *McCord v. High*, 24 Iowa, 336; *Tearney v. Smith*, 86 Ill. 391; *Pekin v. Brereton*, 67 id. 477; *Nevins v. Peoria*, 41 id. 502; *Hooker v. New Haven & Northampton Co.* 15 Conn. 313.

COLE, C. J.  After the decision in 59 Wis. 631, the circuit court, on motion of plaintiff, granted leave to file and serve an amended complaint.  Such leave, however, was granted without the showing, by affidavit or otherwise, of any excuse or reason why the facts stated in the amended complaint were not originally pleaded, and without any affidavit of merits or proof that the new facts set forth in the amended complaint were true.  The appeal is from the order allowing the amended complaint to be filed.  Three grounds are assigned here why the order should be reversed, the third of which is that the amended complaint states no cause of action, and it was not, therefore, in furtherance of justice to allow it to be filed.  It is admitted that such an objection to a pleading is usually raised by demurrer, but counsel on both sides saw fit to discuss the point very fully on this appeal, and prefer that the objection be considered as though the case stood on demurrer.  Under the circumstances we are disposed to so regard it.

The original complaint was for trespass.  It charged, in substance, that the defendants, without lawful authority, entered upon the land of one Abram F. Smith and dug a ditch thereon, whereby the waters of Little La Crosse river were diverted from their natural watercourse along a part of plaintiff's land, and were made to flow through said ditch directly against his premises at another point, causing seri-

ous damage in the manner specifically set forth. In the amended complaint it is, in effect, charged that the defendants, being officers of the town, entered upon the land of Abram F. Smith, and constructed the ditch, claiming to be thereto lawfully authorized, in order to protect a certain highway of their town along said river from injury from the waters of the river washing against the same, and to divert the waters from the highway. It is alleged that while it was the duty of the defendants to exercise their authority for the purpose aforesaid in a proper and prudent manner, to avoid inflicting injury upon the plaintiff in so protecting and repairing the highway, as they well could and might have done; yet, notwithstanding these facts and their duty in the premises, they so improperly located and constructed the ditch that the necessary and unavoidable consequence of digging and constructing the same was and is, that by reason of said ditch the water in the stream is taken and turned from its natural channel and course, and caused to flow against and upon the lands of the plaintiff, directly from the end of the ditch, and the stream of water has thereby greatly injured and damaged the premises of the plaintiff in the particulars described. These are the material allegations in the amended complaint which state the cause of action; and the question is, Do they show a wrongful act on the part of the defendants for which they are personally liable?

It appears the defendants were officers of the town, and, in the discharge of their duty to repair and preserve the highways of the town, entered upon land adjacent to the plaintiff's, and cut a ditch to turn the waters of the river into a new channel away from a highway which they were destroying. The defendants were performing a public duty that the law imposed upon them. But it is alleged that they improperly located and constructed the ditch, so that the waters at the lower end thereof entered the original

channel directly opposite the plaintiff's land, or at right angles thereto, and thus injured him. It is said that if the ditch had been so located and constructed that the water at the lower end thereof had entered the original channel at an acute angle, or in the direction of the natural downward plane of the channel, no material injury would have been done the plaintiff's property. But are the defendants liable for an injury arising or caused by an error of judgment in locating and constructing the ditch? If so, upon what principle of law? Undeniably they were invested with power to repair and preserve the highways of the town. They might construct ditches, if necessary for that purpose, upon adjoining land. About this there is no controversy. But the power to dig the ditch necessarily involved the power or discretion of determining the place where and the manner of making it. And if they located and constructed it in such a manner as to work an injury to the plaintiff, are they personally liable in damages?

It is not alleged that the defendants executed the work in a careless and negligent manner. This is not the gist of the action. But the complaint is that they located the ditch improperly, adopted a wrong plan, and that it was so constructed that the waters at the lower end entered the original channel directly opposite the plaintiff's land, whereas the waters should have been made to enter the channel at an acute angle or in a different way; so that the negligence of the defendants really resolves itself into a mistake in engineering,— an error of judgment in locating and constructing the ditch in the manner the work was done. If the defendants had exercised due care and prudence, it is alleged they might and would have located and constructed the ditch differently, so that the water therefrom, at the lower end, would have entered the stream in the direction of the natural downward channel of the plane of the watercourse. This is the wrongful act of the defendants; and

we confess we are unable to understand upon what principle of law the defendants can be held personally responsible in damages for such an error in judgment or abuse of discretion while performing an official duty. There is no pretense that they were actuated by any malice towards the plaintiff, but that, in executing a lawful power, they did not adopt the proper or best means calculated to accomplish the object in view. We think the defendants, who are town officers, are not personally liable even for the negligent location and construction of the ditch, which is the wrongful act stated in the amended complaint. Whether the town is not liable for the injury is another question. But to hold the defendants personally responsible for the damage because they did not adopt the best plan for making the ditch, would be laying down a very severe rule when applied to such public officers; for, in the perfomance of their duty of improving and protecting highways, they are obliged to resort to many methods, and often fail to choose the most effectual or best plan. But still, if they proceed within their jurisdiction, with an honest purpose to serve the public, carefully avoiding the doing of any unnecessary injury, they should not be held answerable for their acts, though harmful to others.

In *Spelman v. Portage*, 41 Wis. 144, the city authorities had caused to be constructed a graded street or causeway across a bottom, without proper culverts or drains through which the waters of the Wisconsin river, at times of high water, could pass or flow in their natural course. The plaintiff's land was overflowed in consequence of the obstruction, and was injured. This court held he was entitled to recover his damages resulting from the negligent and unskilful manner the street was constructed. But that was an action against the city, and not against its officers. So, in *Squiers v. Neenah*, 24 Wis. 588, and *Hamilton v. Fond du Lac*, 40 Wis. 47, for acts which amounted to a trespass, and which were done by officers of the corporation, who had au-

thority to act upon the general subject matter and had acted in good faith, with an honest desire to obtain for the public a lawful benefit, the corporation was held liable. But it is apparent these cases afford no support to the action which is set forth in the amended complaint.

But it is said the plaintiff was seriously injured by the water of the river being diverted from his land at one point, and then caused to flow through the ditch directly against his land at another place. It is claimed that, in justice, he should have compensation for these damages, which were the direct and necessary result of the construction of the ditch in the way it was dug. When the case was here on a former appeal, Mr. Justice CASSODAY discussed at some length the question whether the acts of the defendants, as then set up in the answer, ought not to be deemed a taking of the plaintiff's land, within the meaning of the statute. The point, however, was not involved in the case, and was not decided. But we now think the plaintiff could have had his damages assessed under the statute, and that this was his proper remedy. Sec. 1236, R. S., makes it lawful for the overseer of highways, or any person acting under his direction, to enter upon lands adjoining to or near any highway in his district, and to construct such ditches as may be necessary for the improvement or preservation of such highway, carefully avoiding the doing of any unnecessary injury upon the same. The next section provides that the owner of land so entered upon or used for such purpose may have an appraisement of his damages as therein prescribed. Now, it is true the premises of the plaintiff were not entered upon to dig the ditch in question; but the direct and unavoidable consequence of constructing the ditch on the adjacent land was to injure the plaintiff. His damage, caused by the work done as it was, is fully within the spirit of the statute, if not within its letter. It is fair to hold that the statute was intended to apply to a case where land was injured

by the ditch, though the work was not actually constructed upon it. Suppose the officers had found it necessary for the preservation of the highway to so construct the ditch as to divert entirely the water from the plaintiff's land, is it reasonable to suppose that the legislature did not intend to give him compensation for such a diversion of the stream resulting from an improvement made for the public benefit? It would be unreasonable to so conclude. We therefore think it is doing no violence to the intent of the statute to say that it covers the case set forth in the amended complaint; and, if so, the plaintiff should pursue the remedy there provided.

In this view it is obvious, as the amended complaint stated no cause of action, it was an abuse of discretion to allow it to be filed.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings.