The State ex rel. Smith vs. Supervisors and Town Clerk of Leon.

such a construction except the plain common sense and obvious meaning of the words of the law.   When the words of a statute are plain and unambiguous, there is no room or chance for construction.   This is in form a general law, but it was intended to have special application to the county of Marathon.   The law was repealed too soon to give that county the benefit intended by the expiration of the statutory time of redemption on the fifth year's sale, and hence this most unreasonable construction is the only hope and chance.   If the law had not been repealed, no such case as this would have ever been in the courts, for there would have been no necessity for it.   The time of redemption fixed by law had not expired on the sales of all these five successive years, and the lands did not remain unredeemed, and therefore the title to them had not vested in the county of Marathon, and the plaintiff should have recovered them in this action.

*By the Court.*— The judgment of the circuit court is affirmed.

THE STATE ex rel. SMITH, Respondent, vs. THE BOARD OF SUPERVISORS AND TOWN CLERK OF THE TOWN OF LEON, Appellants.

*April 6 — May 15, 1886.*

*Highways: Ditches: Entry upon land: Town board: Assessment of compensation: Mandamus: Parties.*

1. The owner of lands entered upon in the construction of a ditch for the improvement or preservation of a highway under sec. 1236, R. S., is entitled to have the damages appraised according to sec. 1237, as well when the work was done under the direction of the town board as when it was done by the overseer of highways or some person acting under his direction.
2. In proceedings to compel a town board to appoint appraisers, under sec. 1237, R. S., to assess the damages arising from the construc-

tion of a ditch under the direction of said board for the preservation of a highway, the relation and the alternative writ need not set forth the facts showing that the work was necessary.

3. Nor need the relation and writ describe either the highway or the land injured, by metes and bounds. A description from which the appraisers would have no difficulty in finding the premises is sufficient.

4. Whether the town clerk is or is not a necessary party to proceedings to compel a town board to appoint appraisers under sec. 1237, R. S. (a question not determined), the fact that he is made a party affords no reason for quashing the writ.

APPEAL from the Circuit Court for *Monroe* County.

This is an appeal from an order refusing to quash an alternative writ of *mandamus.* The affidavit of the relator upon which the writ issued stated, among other things, that in November, 1881, and for a long time prior thereto, and ever since, the relator was and has been the owner of a part of the southwest quarter of the northwest quarter of section 11, and a part of the south half of the northeast quarter of section 10, and other and adjoining lands, all in township 16 north, range 4 west, in Monroe county, "of which said 'other lands' deponent will present hereafter, as the court may require, a more definite and certain description, if such description shall be deemed material;" that during all of said times the relator has resided upon said lands and used the same for farming purposes; that in November, 1881, the town board of supervisors of the said town of Leon constructed, or caused to be constructed, a ditch or trench upon and across a part of the northwest quarter of the southwest quarter of said section 11, whereby the waters of the Little La Crosse river were turned from their natural channel and caused to flow through such ditch, and that they have since continued to flow through the same; that one Abram F. Smith was the owner of the particular parcel of land wherein said ditch was located and constructed, and that prior to the construction of the ditch,

the said river, at the center line of its natural channel, was the boundary line between the lands of the ' said Abram F. Smith and the relator; that the said' town board caused such ditch to be located and constructed for the purpose of protecting and preserving a certain public highway in said town, and entered upon said lands for such purpose, as is provided by sec. 1236, R. S.; that by the construction of such ditch for the purposes and under the authority aforesaid, the aforesaid lands of the relator were entered upon, taken, and used for the purpose aforesaid, and the water of said stream, and said stream, upon a certain part of said lands of the relator, have been taken away, and is prevented from running and flowing upon such certain part thereof by reason of such ditch, and the waters of said stream flowing through said ditch flow and run upon, against, and into a certain other part of the premises of the relator, and then did and all the time do wash away, injure, and destroy the said lands and the improvements theretofore made thereon; that on June 15, 1885, the relator duly served upon the town clerk and chairman of the town board of said town of Leon a notice (which is annexed to the affidavit) demanding the appointment of appraisers; that more than sixty days have elapsed since the service of such notice, and that the town board refuse and neglect to appoint such appraisers. The affidavit then names the supervisors and the clerk of the said town of Leon, and prays that the proper writ may be issued requiring said town officers to appoint appraisers to ascertain, as provided by law, the damages to which the relator is entitled.

The notice referred to in the affidavit was as follows:

" *To the Supervisors of the Town of Leon, Monroe County, Wisconsin:* The ditch dug and constructed in November, A. D. 1881, by order of town board of supervisors of the town of Leon, and under their direction and control, for the purpose of protecting and preserving a certain highway in

said town, which ditch was dug and constructed upon and across a part of the lands of Abram F. Smith, to wit: The southwest quarter of the northwest quarter of section eleven (11), in township sixteen (16) north, of range four (4) west, in said town and county, whereby the waters of the Little La Crosse river were turned from the natural channel of said stream, and caused to flow through such ditch, and into, against and upon the lands of the undersigned there situate, to the great damage and injury thereof and thereto.

"That the lands owned by the undersigned then and now, and affected by the matters aforesaid, are a part of said southwest quarter of the northwest quarter of section eleven (11) aforesaid, and part of the south one-half of the northeast quarter of section number ten (10), and other lands adjoining thereto, all in the township and range aforesaid, and then and now owned and occupied by the undersigned as his farm; and a part of his said lands, having been for the purpose of said ditch, entered upon, taken and used therefor and thereby; and the undersigned, feeling himself aggrieved by such entry, taking and use, hereby applies to you, the supervisors of said town of Leon, to appoint three disinterested electors to appraise the damage sustained by him as provided by law.

"*Dated Leon, June 15, 1885.*     ROBERT SMITH."

The alternative writ recited the substance of the averments contained in the affidavit.

For previous appeals in the course of the litigation, see *Smith v. Gould,* 59 Wis. 631, and 61 id. 31.

For the appellants there was a brief by *Dickinson & Graham,* and oral argument by *Mr. Dickinson.* They contended, *inter alia,* that, the relator's right to prosecute his writ arising, as he claims, from an act done under and by virtue of sec. 1236, R. S., his writ, citing that certain section as authority, should show on its face that the act complained of was done by the persons authorized by that particular section to act, viz: "The overseer of highways, or some

person acting under his direction." No other person is authorized by that section to do the act complained of. "The writ must be sufficient, in itself, to show precisely what is claimed, and the facts upon which the claim is made." It must show the relator's right to all he claims. If lacking in any essential it will be quashed on motion. Moses 'on Mandamus, 206; *Comm. Bank v. Canal Comm'rs*, 10 Wend. 25; *Johnes v. Auditor*, 4 Ohio St. 493; 3 Eng. L. & Eq. 295; 22 id. 113; 1 Serg. & R. 474; *Board of Trustees v. People*, 12 Ill. 248; *Carpenter v. Hastings*, 10 Wis. 519; *State ex rel. Brown v. Slavin*, 11 id. 153; *Arberry v. Beavers*, 6 Tex. 457.

For the respondent there was a brief by *Morrow & Masters*, and oral argument by *Mr. Morrow*.

Cole, C. J. It is insisted by the defendants' counsel that the alternative writ in this case should have been quashed because it is not alleged in the relation that the overseer of highways, or some person acting under his direction, entered upon the lands and constructed the ditch which caused the injury of which the relator complains. It is alleged that the town board of supervisors caused the ditch to be constructed for the purpose of preserving and protecting the public highway. It is said that it is only where the work is done or the improvement made by the overseer himself, or some person acting under his direction, that an aggrieved party can have his damages appraised under the statute. This position we consider wholly untenable. The town board has a general supervision of the highways of the town, and it is one of its duties to give directions for repairing and improving them. Ordinarily the overseer attends to making repairs upon highways, but the character of this improvement was such that the supervisors themselves deemed it best to take charge of the work. It seems to us there can be no doubt that they had ample authority to do

so, and if the relator has sustained damages by the work, they may be assessed under secs. 1236, 1237, R. S. This point was practically so decided in *Smith v. Gould*, 61 Wis. 31. It would be a most unreasonable construction of the statute to hold that it only applied to a case where the land was entered upon and taken by the overseer or a person acting under him, and did not apply where the supervisors themselves caused the work to be done.

Another ground relied on for quashing the writ is that neither the relation nor writ sets forth the facts which show that the work done was necessary for the protection of the highway. Why should the writ state these facts? The supervisors constructed the ditch presumably because it was necessary, or deemed to be necessary, in their judgment, for the preservation of the highway. We certainly cannot presume that the supervisors acted unadvisedly in the matter, and made an improvement which was not called for by the condition of the highway; and the mere fact that they caused the work to be done is all that need be stated to show that it was necessary and that the relator is entitled to the relief he seeks.

It is further insisted that the relation and writ are defective because there is no sufficient description therein of the highway which was protected, nor of the lands alleged to have been injured by the making of the ditch. This objection must be overruled. Both the relation and writ state that the relator was, in November, 1881, the owner in fee of a part of the S. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 10, and part of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 11, and of other adjoining and contiguous lands, in township, etc., which were occupied and used by him for farming purposes, and where he resided. It appears that the ditch in question was located on adjoining land, and diverted the waters of Little La Crosse river from their natural channel by the relator's premises. It is true, there is no description by

metes and bounds of the highway at this place, nor of the relator's land which was injured, nor do we deem it necessary there should be.   This is a proceeding to compel the board to appoint three disinterested electors of the town to appraise the damages which the relator sustained by the construction of the ditch.   The appraisers would surely have no difficulty in finding the premises affected by the ditch from the description given; and the present board, even if they are strangers to the acts complained of, can perform the duty enjoined by the writ.   "The writ shows precisely what is claimed, and the facts upon which the claim is made."

The demand made upon the board to proceed and appoint appraisers is full and distinct.   This is too clear for discussion.

The last ground relied on for quashing the writ is that there is a misjoinder of parties.   The writ is directed to the board and town clerk.   It is said the clerk has no duty to perform in the premises, and should not have been made a party.   It may be that the clerk was not a necessary party to the proceeding; but the fact that he is made a party furnishes no reason for quashing the writ as to the supervisors.   It is not clear but that it was proper to make him a party, but we shall not decide that point.   It is sufficient to say that it is the duty of the clerk to keep a record of the proceedings of the board, and it would be necessary he should be present for that purpose when the appraisers were appointed.   In any event the fact that he is made a party affords no reason, as we have said, for quashing the writ.

*By the Court.*— The order of the circuit court is affirmed.