THE STATE OF DELAWARE, upon the relation of COUNT HENRI COURCIER DE JULVECOURT vs. PAN AMERICAN COMPANY, a corporation organized under the laws of Delaware, and RALPH C. LUPTON, a director of the said PAN AMERICAN COMPANY.

*Mandamus; Against Whom— Unnecessary Party —Not Fatal— By-Laws—Denial by Inference—Return—Alternative Writ; Sufficiency of— Writ; When Granted ; For What Purpose—Prayer.*

1.  It is a well settled rule in the law of mandamus that the peremptory writ should be issued against the person or persons who have the power to perform the duty commanded ; but it is also well settled, and in this State, that the joining of some other party will not invalidate the writ.

2.  Where the right which the relator seeks to enforce by writ of mandamus is based upon a by-law of the respondent company, set out in the alternative writ, it is not sufficient for the respondent to deny its existence argumentatively or inferentially, by alleging the existence of an apparently inconsistent by-law at the time of the filing of the return.  It is well settled that an argumentative return in mandamus, like any other argumentative pleading, is bad.

3.  Allegations contained in the alternative writ *held* sufficient to entitle the relator to the issuance of the peremptory writ.

4.  The peremptory writ of mandamus should not be granted for speculative purposes or to gratify mere idle curiosity, and the purpose for which it is asked must be a proper and reasonable one.  The interest which the relator seeks to protect must be such as to warrant and justify the remedy he invokes.

5.  How general and comprehensive may the prayer for relief be ?

*(July 17, 1905.)*

LORE, C. J., and PENNEWILL, J., sitting.

*Anthony Higgins* and *Horace G. Eastburn* for the relator.

*David T. Marvel* and *Josiah Marvel* for the respondents.

Superior Court, New Castle County, May Term, 1905.

MANDAMUS (No. 132 February Term, 1905).

PENNEWILL, J.:—The State of Delaware upon the relation of Count Henri Courcier de Julvecourt, upon March 8 last, filed in this Court a petition for a rule to show cause why a writ of peremptory mandamus should not be issued requiring the Pan American Company, a corporation of the State of Delaware, and . Ralph C. Lupton, its resident director, to permit the petitioner to inspect and make copies of sundry books, papers and records of said company. A writ of alternative mandamus was subsequently issued and a motion to quash the same refused. Whereupon the respondents filed their separate returns to the alternative writ. A motion has been made by the relator to quash the returns, on the ground that they are uncertain, argumentative, ambiguous, evasive, inconsistent, immaterial and insufficient. The question now before the Court, therefore, goes to the sufficiency of said returns.

Certain material allegations of the alternative writ are admitted by the returns; and certain others, while not expressly admitted, are not specifically denied.

The relator contends that the respondents have failed to deny specifically any of the material allegations of the alternative writ, and for that reason the returns should be quashed.

It is contended by Ralph C. Lupton, one of the respondents, that the peremptory writ should not issue against him because he has distinctly denied in his return that the books and papers demanded are now, or have ever been, in his possession, custody or control.

It is a well settled rule in the law of mandamus that the peremptory writ should be issued against the person or persons who have the power to perform the duty commanded, but it is also well settled, and in this State, that the joining of some other party will not invalidate the writ.

*Bay State Gas Co. and Addicks vs. Content & Co., 4 Pennewill, 238 ; Swift vs. Richardson, 7 Houst., 338 ; State vs. Leon, 66 Wis., 199 ; People ex. rel. Muyr. vs. Throop, 12 Wend. (N. Y.), 185.*

Ralph C. Lupton may not be the custodian of the books and papers in question, and may not be a necessary party in this action,

but the fact that he is joined will not prevent the issuance of the writ. He is the resident director of the defendant company, and the only representative of the company in this State. He has not expressly denied his power to perform the duty prayed for, and it does not seem impossible, that if the peremptory writ should be issued, he would then be able to comply with its requirements.

The Pan American Company, the other respondent, contends that the writ should not be issued against it because (1), under the charter and by-laws of the company, a stockholder has no right to examine its books and papers unless he is the owner of five thousand shares of capital stock ; and it appears from the petition that the relator is not the owner of so many shares ; and (2), because the undenied allegations of the alternative writ do not establish such a case as would warrant the Court in issuing the peremptory writ.

It may be a sufficient answer to the first objection to say that under a by-law of the company, in existence at the time of the issuance of the alternative writ, a stockholder having one hundred shares of stock had the right to examine the books, and although the by-law may have been since amended, we are not compelled to determine the effect of the amendment upon the rights of the relator because the defendant company has not in its return specifically denied the existence of the earlier by-law. There is no more well settled principle of law than this : That an argumentative return in mandamus, like any other argumentative pleading, is bad. The existence of the by-law set out in the alternative writ is at most denied only argumentatively or inferentially, by alleging the existence of an apparently inconsistent by-law at the time of the filing of the return, but of the time of the adoption of which we are not informed.

We now come to the consideration of the broader and more serious objection to the issuance of the peremptory writ, namely, the alleged insufficiency of the undenied averments of the altenative writ :

It is admitted by the respondents in their return that the defendant company is a corporation of this State, created under the

general corporation law of 1901 ; that the relator is a large stockholder therein, holding some three thousand shares ; that there was a proper demand made for the books, papers, etc., and a refusal on the part of the company to comply therewith. The only essentially material allegations of the alternative writ not admitted by the return seem to be what may be termed the false and fraudulent representations alleged to have been made by the president of the company to the relator whereby he was induced to transfer to the defendant corporation certain asphalt properties of great value.

The relator avers that he was the owner of valuable asphalt properties in the state of Vera Cruz in the Republic of Mexico, and that Ambrosius H. Carner, the President of said Pan American Company, induced him to transfer said properties to the company by representing to him that the company would be so strong that it would control the asphalt markets of the world, and if the relator did not sell he would not be able to compete in the market for the sale of his product ; that said company owned large and valuable asphalt properties in Cuba and in the Republic of Venezuela, and that by transferring his property and taking stock of the company in exchange therefor the relator would be immensely benefited; that the company would expend large sums of money in developing all the properties, which would produce large dividends for the stockholders ; that all of the five millions of the capital stock of the company would be issued for cash or for property at its true value in money, and that the relator would be made a director in the company. The relator alleges that all of said representations were false, and that a large part of the capital stock of the company has been issued to Carner the president and to others, without any sufficient or adequate consideration therefor.

It is not denied by the respondent that the said representations were made by Carner, substantially as alleged, but it is averred in the return that he had not then been elected president of the company, and that therefore the said representations were made by Carner individually and not as president.

It is perfectly manifest however, even from the return, that Carner, at the time he made the representations complained of, was acting for the company and not individually, because at the time he entered into the agreement with the relator in respect to the transfer of the properties of the latter, it was stipulated that the relator should transfer his said asphalt properties to such company as Carner would designate; and in pursuance of such agreement he did sell and transfer the same to the said Pan American Company.

In refusing to quash the alternative writ this Court decided that the allegations therein contained were sufficient to entitle the relator to the issuance of the peremptory writ, although we were in some doubt whether the object for which he demanded an inspection of the books and papers was such a one as would entitle him to the extraordinary remedy prayed for. It is well settled that it should not be granted for speculative purposes or to gratify mere idle curiosity, and that the purpose of the petitioner in asking for the writ must be a proper and reasonable one, and the interest which he seeks to protect must be such as to warrant and justify the remedy he invokes.

It seemed to us that upon the face of the record the relator had made out a case that entitled him to the issuance of the peremptory writ, his declared purpose being, among other things, to ascertain the value of the stock of the company of which he was such a large holder; to learn whether the defendant company in fact owned or controlled the valuable asphalt properties it claimed to own; whether the stock issued had ever actually been paid for or not; and whether the various representations made to the petitioner by the president of the company, and by reason of which the relator was induced to part with his property, were true or false. The only question therefore to be determined in the motion now before the Court is whether there is any specific and sufficient denial in the return of the essential and material allegations of the alternative writ. In other words, is there any sufficient ground disclosed by the return for refusing or withholding the peremptory writ? We think not,

and we are therefore of the opinion that the returns should be quashed.

We think it proper to say that our greatest difficulty perhaps in this case has been caused by the very general character of the relator's prayer. It seems practically equivalent to an application for an order requiring the company to permit the relator to examine and make copies of all the books, papers and records of every kind in the possession or control of the respondent. But such general character of the prayer necessarily follows from the comprehensive scope of the purpose of the application, and we do not see how the prayer could be more specific and particular than it is. It was manifestly impossible for the relator to tell, or know, what particular books or papers would furnish the information desired. He stated the object and purpose of the inspection, and what he wished to know, and it may well be more within the knowledge of the company, than of himself, what books and papers in its possession and control would disclose the information he required to effect his purpose.

NOTE:—The above case was taken up to the Supreme Court on a writ of error by the defendant, and on April 23, 1906, at an adjourned term of the said Court, consisting of Nicholson, Ch., and Spruance and Boyce, J. J., the decision of the Court below was unanimously affirmed.