People ex rel. Hollingshead v. American Discount Co., 246 Ill. App. 563.

The People of the State of Illinois ex rel. H. T. Hollingshead et al., Appellees, v. American Discount Company et al., Appellants.

Gen. No. 31,789.

1. CORPORATIONS—*director as necessary party defendant to stockholders' petitions for examination of corporate books.* In mandamus to compel a corporation and a director to permit stockholder to examine corporate books which had been largely removed from the State before service of the writ, held that the director was a proper party defendant, all of the books not having been removed.

2. CORPORATIONS—*propriety of order against director in stockholders' proceeding to examine corporate books.* In mandamus to compel a corporation and a director to permit stockholders to examine corporate books which had been largely removed from the State, an order to make the books available for examination and for other pertinent relief held not unwarranted as to the director, all of the books not having been removed.

3. MANDAMUS—*no denial of writ when not clear that no benefit will result.* Where a writ of mandamus is justified under the evidence it will not be denied unless it is clear that no benefits can possibly result from it.

4. CORPORATIONS—*when not clear that stockholders will derive no benefit from examination of books.* Where, in mandamus to compel a corporation to permit stockholders to examine corporate books, it appears that proper demands of stockholders to examine books have been refused or evaded and that the books have largely been removed from the State, but some books have not been removed, held that the writ was properly awarded, it not being clear that the stockholders will derive .no benefit from it.

Appeal by defendants from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed December 12, 1927. Rehearing denied December 27, 1927.

NEWMAN, POPPENHUSEN, STERN & JOHNSTON, for appellants; EDWARD R. JOHNSTON and HENRY JACKSON DARBY, of counsel.

DENT, DOBYNS & FREEMAN, for appellees; HOWARD A. WILL, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

By this appeal defendants seek to reverse an order of the circuit court of Cook county awarding a peremptory writ of mandamus.

On April 28, 1926, a petition on the relation of 17 stockholders of the American Discount Company, one of the defendants, was filed, the purpose of which was to compel the defendants to permit the relators to examine the corporate books of the company.

The record discloses that the American Discount Company was a corporation organized under the laws of the State of Delaware, and on April 7, 1919, was licensed to do business in this State; that there were 5,000 shares of preferred and 5,000 shares of common stock of the company, of which the relators owned 216 shares of the preferred and 104 shares of the common. The summons was served on April 30, 1926. The record further shows that upon the American Discount Company being licensed to transact business in this State, it opened its principal office at No. 332 South Michigan avenue, Chicago, and began to transact business; that the defendant Harry C. Radon was president of the company and the defendant Myron W. Whittemore was a director and its designated agent, upon whom process might be served in this State. The defendants the American Discount Company and Myron W. Whittemore were served and filed their answer, and after the issues were made up the cause was submitted to the court without a jury and there was a finding in favor of plaintiff and an order entered awarding the writ, from which the American Discount Company and Whittemore prosecute this appeal.

The evidence tends to show that from the time the defendant company was licensed to do business in this State, viz, April 7, 1919, it conducted its business in Chicago and at no other place; that for a short time after it commenced business in this State it paid some

dividends but that the payment of dividends had stopped a considerable time before the petition was filed in the instant case; that for a number of months prior to the filing of the petition a number of stockholders made numerous efforts and demands to be permitted to examine the books and records of the company, but to no purpose, and they made complaint that no stockholders' meeting had been held for a number of years. The evidence shows that no meeting of the stockholders had been held for a number of years. There is no explanation in the record as to why this was not done, nor is there any evidence in the record as to why dividends had not been paid; nor did the defendants offer any evidence as to why they did not permit the stockholders to examine the books as requested. The evidence shows that a number of stockholders at different times endeavored to see the president or officers of the company with a view of obtaining permission to examine the records of the company, but without avail.

The defendants offered evidence tending to show that on May 5, 1925, a resolution was passed by the board of directors of the American Discount Company to establish an office at New York City, and a further resolution of the board passed at a special meeting of the directors held in New York City on July 29, 1925, that "this company maintain an office in the City of New York" on West 57th street, and that another resolution was adopted by the board of directors on September 9, 1925, which approved and ratified the acts of the officers in establishing an office in New York City. The evidence further tends to show that the defendant corporation was removing its property from its Chicago offices from the 27th of April, 1926, until the 30th of April, 1926, and that on May 6, 1926, it filed in the office of the secretary of State at Springfield, Illinois, an affidavit of withdrawal, as required by the law, surrendering its authority to do business

in this State; that the affidavit was sworn to by Radon, the president, and Traub, the secretary of the defendant corporation. In it they swear that the defendant corporation discontinued business in Illinois on February 27, 1926, while the testimony of a witness, who was an employee of the defendant company, tends to show that business was continued up to and until May 1, 1926, although not much business had been done for a short time prior to that date.

The defendant Whittemore testified that he was an attorney at law practicing in Chicago, with offices at No. 5 North LaSalle street; that he was a director of the defendant company and was designated by it as agent upon whom service might be had as required by the statute of this State; that he did not go to the defendant corporation's offices in Chicago more than two or three times a year and that he at no time had possession of any of its books or records.

At the close of the evidence propositions of law and finding of facts were submitted to the trial judge, some of which were given and some refused. The court then entered the order appealed from, in which the issues were found in favor of the petitioner and against the defendants, and requiring the defendant corporation and Whittemore "to make available for examination and to bring into this state, if outside the state, and make available for examination by the petitioners or their agents the ledgers, journals, combination journals, cash books and other books of account of said Co. its stock books, stock registers, stock transfer books and stock ledger, also the records showing the details of overhead charges, such as officers' salaries, directors' fees, salaries paid to the bookkeepers, auditors, etc., also all other books and records of the said American Discount Company, which may be necessary for a full and complete understanding of the affairs of the said American Discount Company, whether kept in the State of Illinois or in the office of

the said American Discount Company at 250 West 57th street, in the City of New York or elsewhere,'' and that the books be made available for examination by the relators at defendant Whittemore's office, No. 5 North LaSalle street, and that it be conducted with reasonable dispatch and be completed within 60 days.

Section 38, chapter 32 of our statutes, Cahill's St. ch. 32, ¶ 38, provides: ''Each stockholder of a corporation shall have the right, at all reasonable times, by himself or by his attorney, to examine the records and books of account. Any officer or director who denies such access shall be liable to the stockholder denied in a penalty of ten per centum of the value of stock owned by such stockholder, in addition to any other compensation or remedy afforded him by law, if any, which shall be recoverable in any court of competent jurisdiction. * * *

''Nothing herein shall impair the power of the courts to compel by mandamus or judgment production for examination by any stockholder of the stock books of any corporation.''

And by section 84 of the Foreign Corporation Act, Cahill's St. ch. 32, ¶ 84, of this State it is provided that a foreign corporation admitted to do business in this State shall enjoy the same rights and privileges and be subject to the same liabilities and restrictions as those of a domestic corporation.

The defendants contend that the order or judgment is erroneous as to Whittemore because it was not his duty to keep the books and records of the company, and that he never had any of them in his possession; moreover, that the books and records were in New York City and not within his power to bring to Chicago; further, that the corporate books and records were shipped from Chicago to New York before the summons was served upon him. We think the evidence in the record does not warrant the conclusion that the records of the company had all been sent to

New York and before the date the summons was served on Whittemore, April 30, 1926, but are of the opinion that the court was warranted in finding that all of the books and records had not been taken out of Illinois at the time of the service of the writ on Whittemore. The court expressly refused to find as a fact that all of such records had been removed prior to May 1, 1926, as requested by the defendant. Whittemore was a director of the company, and under the facts in this case we are of the opinion that he was a proper party defendant and the order against him was not unwarranted. We are also of the opinion that the order appealed from was not erroneous as to the defendant corporation. It is clearly established by the evidence that repeated demands had been made by stockholders of the company to examine its books; that they had made complaints because there had been no stockholders' meeting and no dividends paid; that repeated endeavors had been made by them and their counsel to take the matter up with the president or other officials of the company but that he evaded them and was keeping away from the office and refused to see them because he did not want them to look into the books. It is true, as stated by counsel for the defendant, that a peremptory mandamus is to a considerable degree a matter of discretion, and that it will not be awarded where compliance cannot be had. It is also the law that where a writ of mandamus is justified under the evidence it will not be denied unless it is clear that no benefit can possibly result from the issuance of it. 26 Cyc. 149; *State v. Pan-American Co.,* 5 Pennewill (Del.) 391, 392, 61 Atl. 398. The awarding of the writ was clearly right under the evidence in this case, and it is not clear that the relators will derive no benefit from it.

The order and judgment of the circuit court of Cook county are affirmed.

*Affirmed.*

MATCHETT, P. J., and MCSURELY, J., concur.