BERNSTEIN, by guardian *ad litem,* Appellant, vs. CITY OF MILWAUKEE, Respondent.

*October 27—November 17, 1914.*

*Municipal corporations: Public playgrounds: Dangerous appliances: Injury to child: Liability: Presumption as to lawful maintenance: Governmental function: Negligence of employee: Public nuisance.*

1. Upon demurrer to a complaint, a playground alleged to have been maintained by a city will be presumed to have been maintained under the power conferred upon the city by law.
2. In maintaining a public playground a city acts in its governmental, not in its proprietary, capacity.
3. Negligence in the performance of a governmental function by the officers or agents of a municipality does not give a right of action, except that a municipality may not maintain a public nuisance even where it is performing a governmental duty.
4. An appliance suitable for use by older children but dangerous to younger ones, maintained in a separate section of a public playground, from which section the attendants had been instructed to exclude the younger children, did not constitute a public nuisance; and the city is not liable for an injury sustained by a young child who was permitted by the attendants to use such appliance.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a general demurrer

to the complaint. The complaint in substance set forth that the city of *Milwaukee* maintained a playground for children, which was divided into two sections, one being designed for children of the age of twelve years or over and the other for those under the age of twelve years; that suitable appliances were placed in each of said sections for the use of children of the ages for which they were intended; that a certain appliance placed in the section intended to be used by the older children was a dangerous one when used by children of immature years; that the city placed such playground under the supervision of certain employees with instructions that such employees should not permit children of the age of twelve years or under to use the portion of the playground set apart for the older children; that such employees violated their duty in that they permitted and invited the plaintiff, who was only nine years of age, to use the portion of the playground intended for the older children, as well as the appliance alleged to be dangerous when used by children under twelve years of age; that by reason of the use of such appliance the plaintiff suffered injury and damage to the extent of $20,000.

For the appellant the cause was submitted on the brief of *Lehr, Kiefer & Reitman,* attorneys, and *J. Elmer Lehr,* of counsel.

For the respondent there was a brief by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney, and oral argument by *Mr. McIntyre.*

BARNES, J. It is not alleged in the complaint that the playground was maintained in connection with one of the public schools. Neither is it alleged that the playground was unlawfully maintained. The city of *Milwaukee,* acting through its school board, might provide for public playgrounds. Sub. 1, sec. 435e, Stats. 1913. Independent of this statute, the city might, under sec. 959—17i, maintain

public playgrounds. In the absence of any allegation to the contrary, we must assume that the city acted under power conferred on it by law in establishing the playground in question.

Its action in so doing was not one from which in its corporate capacity it could derive any special benefit or advantage. On the contrary, its action was the result of a duty conferred to conserve and develop the health and strength of future citizens of the state, and thus promote the general welfare of the whole community. Herein lies the distinction between proprietary and governmental functions. *Hayes v. Oshkosh,* 33 Wis. 314, 318; *Manske v. Milwaukee,* 123 Wis. 172, 101 N. W. 377; *Piper v. Madison,* 140 Wis. 311, 314, 122 N. W. 730.

It has been decided many times in this court that negligence in the performance of a governmental function by the officers or agents of a municipality does not give a right of action. The cases are reviewed in *Evans v. Sheboygan,* 153 Wis. 287, 141 N. W. 265. See, further, *Bruhnke v. La Crosse,* 155 Wis. 485, 144 N. W. 1100; and *Engel v. Milwaukee, ante,* p. 480, 149 N. W. 141.

The exception to this rule is that a municipality may not maintain a public nuisance even where it is performing a governmental duty. *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407; *Gilluly v. Madison,* 63 Wis. 518, 24 N. W. 137; *Schroeder v. Baraboo,* 93 Wis. 95, 67 N. W. 27; and *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420. This case does not fall within the exception. The contrivance appears to have been proper enough for children of mature years. The alleged negligence consisted in permitting an immature child to use it. It is not claimed that the city was negligent in installing the appliance or in failing to keep it in a proper state of repair, but in not warning and preventing small children from using it as a plaything.

*By the Court.*—Order affirmed.