NEMET, Respondent, vs. CITY OF KENOSHA, imp., Appellant.

*May 2—May 27, 1919.*

*Municipal corporations: Maintenance of bath house and bathing beach: Governmental capacity: Extension of waterworks system: Nuisance: Torts: Private business: Liability for injuries: Independent contractors: Inherently dangerous work: Precaution: Liability of city: Appeal: Harmless error: Verdict.*

1. A city, in the maintenance of a bath house and bathing beach, acts in its governmental and not in its proprietary capacity.
2. Ordinarily, where work is performed for a municipal corporation by an independent contractor the city is not liable for damages resulting from his acts.

3. While a city, in its governmental capacity as proprietor of a bathing beach, is not liable for the negligence of its agents and officers, nevertheless, being engaged in the business of furnishing water to private consumers, in such respect it acts in a private capacity and is bound to exercise ordinary care, and for failure to do so is liable for injuries proximately caused.

4. Excavation by a city to extend its private waterworks system across its premises, used by the public for bathing purposes, without giving notice of the presence of the danger, constituted a nuisance, and the city was liable for damages proximately caused thereby.

5. If such excavation was so inherently dangerous as to be likely to cause injury to public bathers on its premises, the city was bound to see that precautions were taken to prevent such injury, though the excavation was contracted for by an independent contractor.

6. Under sec. 2829, Stats., in an action against a city for the death of a bather who was drowned at its bathing beach by getting into such excavation, a verdict technically defective as finding the city liable in its governmental capacity, but actually proper as finding it liable solely by reason of acts which it committed in its proprietary capacity, is *held* harmless as to the city.

APPEAL from a judgment of the circuit court for Kenosha county: GEORGE THOMPSON, Judge. *Affirmed.*

Plaintiff brings this action to recover damages for the death of her son by drowning at or near a municipal bathing beach in the city of *Kenosha.* Omitting formal matters and matters not material to this appeal, the facts are briefly as follows: Steve Nemet, a man twenty-three years of age, went with a companion to a private bathing beach on the shore of Lake Michigan, where they procured bathing suits. To the south of the private bathing beach was the bath house and bathing beach maintained by the city of *Kenosha.* Steve, who could not swim, remained near the shore, while his companion went to the end of the pier for the purpose of diving off and swimming ashore. Just before jumping into the water his companion waved to Steve, who was then in water about up to his waist. When his companion reached the shore Steve had disappeared. His companion went to the bath house where they had left their clothes, dressed, and

later Steve's clothes were found locked up.   A search was then instituted, and several hours later his body was recovered by the lifeguards.   The city maintained a locker room upon the premises owned by it, it being a riparian owner, and operated a bathing beach in connection therewith.   The common council of the city of *Kenosha* by formal action had declared its bathing beach open to the general public.   There had been constructed across the bathing beach owned by the city of *Kenosha* a trench in which was laid an intake pipe reaching several hundred feet out into Lake Michigan.   Next to the shore for a distance of twenty-five or thirty feet the trench had been filled in and appears to have been closed by the action of the waves for some considerable additional distance.   At a distance of 100 to 125 feet from the shore the trench had not been filled in, and there was a hole some twelve or fifteen feet deep where the trench had been dug. At the point where the trench began the water was from three to three and one-half feet in depth.   At the west end of this hole nearest the shore line was found the body of the deceased.   The intake pipe was laid by the city as a part of its waterworks system by private contractors.   It does not appear that it was any part of the duty of the contractors to fill the trench in which the water pipe was laid, and at the close of the plaintiff's testimony the court granted a nonsuit as to the contractors.   About 100 feet from the shore line and parallel with it was maintained a line of floats three inches in diameter, the lines being about 100 feet in length. The excavation was beyond the line of floats.   The water where the floats were maintained was from three to three and a half feet deep.   There was nothing to indicate the presence of the hole caused by the digging of the trench. The general line of the excavation was indicated by ranges erected on the shore and out into the lake.   It was the claim of the plaintiff that the deceased, while in the exercise of ordinary care and being upon the premises by invitation of the city, had fallen into the hole and drowned; that the death

of the deceased was due to the negligence of the city in main-
taining the excavation at or near the bathing beach and in
failing to warn bathers of the presence of the hole.    There
was a special verdict.    The jury found that the bathing
beach in question at the time Steve Nemet was drowned was
not reasonably safe for public bathing by persons in the exer-
cise of ordinary care; that such lack of reasonable safety was
the proximate cause of the death of Steve Nemet; that Steve
Nemet was not guilty of any want of ordinary care which
proximately contributed to his death; and assessed plaintiff's
damages at the sum of $2,250.    There were proper motions
made by the defendant to present the questions raised here,
which motions were overruled, and the plaintiff had judg-
ment, from which the defendant appeals.

*John C. Slater,* city attorney, for the appellant.

*Frank S. Symmonds* and *Robert V. Baker,* both of Keno-
sha, for the respondent.

ROSENBERRY, J.    There was ample evidence to sustain the
verdict of the jury and the judgment of the court if the ver-
dict supports the judgment and if the city under the circum-
stances is liable.

The defendant's claim is that a municipal corporation is
not liable in the performance of a governmental function for
the negligence of its officers and agents.    It is the settled
law of this state that the city, in the maintenance of the bath
house and bathing beach in question, was acting in its gov-
ernmental and not in its proprietary capacity.    *Bernstein v.
Milwaukee,* 158 Wis. 576, 149 N. W. 382; *Piper v. Madison,*
140 Wis. 311, 122 N. W. 730.    See note, 25 L. R. A. N. S.
239.    It appears that on the day of the accident, July 15,
1916, the work of laying the intake pipe was still in progress
and was being done by an independent contractor.    Ordi-
narily where work is performed for a municipal corporation
by an independent contractor the city is not liable for dam-
ages resulting from the acts of the contractor.    *Kuehn v.*

*Milwaukee,* 92 Wis. 263, 65 N. W. 1030; *Harper v. Milwaukee,* 30 Wis. 365.   It does not appear, however, that there was any clause in the contract by which the contractors were required to fill or guard the excavation.   The contract was not offered in evidence and is not before us.   But the fact that the motion of the defendant contractors for a nonsuit was granted appears conclusive upon that question.

While the city in its governmental capacity as the proprietor of a bathing beach is not liable for the negligence of its agents and officers, nevertheless, being engaged in the business of furnishing water to private consumers, it is in that respect acting in a private business capacity and it is bound to exercise ordinary care, and for failure to exercise ordinary care it is liable for injuries proximately caused by such failure, to the same extent that a private person or corporation operating a waterworks system would be liable.   *State Journal P. Co. v. Madison,* 148 Wis. 396, 134 N. W. 909.

The city in its proprietary capacity contracted for the extension of its waterworks system across the premises used by the public for bathing purposes.   It made no provision for the filling of the excavation, and left upon the premises an excavation which under the circumstances constituted a trap. There was no notice given or attempted to be given of the dangerous condition of the premises, due to the excavation. It appears that the beach for several hundred yards above and below the excavation was frequented by the public for bathing purposes.   The construction of this excavation at a point adjacent to the grounds used by the public for bathing purposes, without giving notice of the presence of the danger, constituted a nuisance, and the city is liable for the damages proximately caused thereby.   4 Dillon, Mun. Corp. (5th ed.) § 1722.   If the work contracted for is so inherently dangerous as to be very likely to cause injury unless certain precautions are taken, the municipality is bound to see that these precautions are taken.   19 Ruling Case Law, p. 1140, note 8, and cases cited.

The most serious question in the case is whether or not the verdict supports the judgment. Question 1 was as follows: "Was the bathing beach in question, at the time Steve Nemet was drowned, reasonably safe for public bathing by persons in the exercise of ordinary care?"

As has already been said, the city is not liable in its governmental capacity for the negligence of its agents and officers. Therefore, as the owner and operator of the bathing beach it would not be liable for the negligence of its officers in failing to erect suitable barriers or signs indicating the presence of the excavation. The negligence for which the city is liable, if liable at all, is for the maintenance of the excavation and for failure to guard it either by signs or barriers. This grows out of acts done by it in its proprietary capacity, and the verdict does not in form submit to the jury the question of the city's negligence in this respect. However, the complaint alleged that the city had caused such excavation to be constructed, had negligently failed to require the contractors to properly guard such excavation, and that the city by its officers had control over the method and manner in which the work was being done by the independent contractor.

The single question litigated upon the trial and the point to which the evidence was directed was the liability of the city for maintaining in an unguarded condition the excavation in question. No other act of negligence was alleged or proved. The undisputed evidence shows that if the city was liable at all it was liable for maintaining the excavation without warning or barriers. In submitting the case to the jury the court gave the following instruction with reference to question 1:

"The law does not require nor does the city undertake to make a bathing beach perfectly safe so that no accident can happen. It is sufficient if the bathing beach was made reasonably safe for public bathing by persons in the exercise of ordinary care, and what is reasonably safe is a question for

the jury under all the circumstances as shown by the evidence.

"So, gentlemen, you will consider all the evidence bearing upon the question, consider the evidence of the depth of the water, the evidence as to the excavations and holes produced by such excavations, the evidence as to the piles or cork line and cofferdam testified to in the case, and all the other evidence bearing upon the question; consider all the surrounding circumstances as shown by the evidence, and then determine from all the evidence in the case, and from the facts and circumstances as disclosed by the evidence, whether or not this bathing beach in question, at the time when Steve Nemet was drowned, was reasonably safe for public bathing by persons in the exercise of ordinary care."

While the verdict is technically defective, it submitted to the jury the only question upon which the liability of the city is predicated, to wit, Was the city negligent in the construction of the excavation near the bathing beach and the maintenance of it without proper barriers or warning? While the verdict in form found the city liable in its governmental capacity, it found it liable solely by reason of acts which it committed in its proprietary capacity, for which it was liable as a private corporation would be; and under sec. 2829, Stats., we must regard the error as nonprejudicial.

*By the Court.*—Judgment affirmed.