## MARGARET G. EMMONS v. CITY OF VIRGINIA AND ANOTHER.[1]

June 2, 1922.

No. 22,839.

**City not liable for its negligence in repairing public park equipment.**

1. Upon the ground that municipal corporations are not liable for negligence in the performance of governmental functions, a city which, through its park commission, provides free to its inhabitants instrumentalities for diversion or exercise in a public park is not liable to persons injured while using such instrumentalities because defective or out of repair due to negligence of the city, its servants or agents.

**Municipality may function as a governmental agency in optional matters.**

2. A municipality may function as a governmental agency in matters left optional to it, as well as in those imposed by law.

**No allegation of nuisance in complaint.**

3. The complaint does not allege the existence of a nuisance as ground of recovery.

Action in the district court for St. Louis county to recover $10,000 for personal injuries. From an order sustaining the demurrer of the city of Virginia to the complaint, Freeman, J., plaintiff appealed. Affirmed.

*Archer & Pickering*, for appellant.

*George F. Shea* and *Abbott, MacPherran, Gilbert & Doan*, for respondents.

[1]Reported in 188 N. W. 561.

HOLT, J.

The park commission of the city of Virginia maintains a slide in a public park of the city. Plaintiff in using it was injured because of an alleged defect therein. She sued the park commission and the city for damages. This appeal is from the order sustaining a demurrer to the complaint.

Is a city which equips its public parks with instrumentalities for diversion and exercise, for the free use of its inhabitants, liable in damages to one injured in their use because of negligent construction or maintenance? The answer to the question determines the appeal.

In some states it has been answered in affirmative; in others, in the negative. Liability was held in Denver v. Spencer, 34 Colo. 270, 82 Pac. 590, 2 L. R. A. (N. S.) 147, 114 Am. St. 158, 7 Ann. Cas. 1042; Pennell v. Wilmington (Del.) 7 Penn. 229, 78 Atl. 915; Anadarko v. Swain, 42 Okla. 741, 142 Pac. 1104; Weber v. Harrisburg, 216 Pa. St. 117, 64 Atl. 905. Nonliability was held in Harper v. Topeka, 92 Kan. 11, 139 Pac. 1018, 51 L. R. A. (N. S.) 1032; Board of Commrs. v. Prinz, 127 Ky. 460, 105 S. W. 948; Bolster v. City of Lawrence, 225 Mass. 387, 114 N. E. 722, L. R. A. 1917B, 1285; Heine v. Grand Rapids, 202 Mich. 363, 168 N. W. 512, L. R. A. 1918F, 528; Bisbing v. Ashbury Park, 80 N. J. Law, 416, 78 Atl. 196, 33 L. R. A. (N. S.) 523; Blair v. Granger, 24 R. I. 17, 51 Atl. 1042; Mayor, etc. of Nashville v. Burns, 131 Tenn. 281, 174 S. W. 1111; Bernstein v. Milwaukee, 158 Wis. 576, 149 N. W. 382, L. R. A. 1915C, 435. Whether the courts in the states referred to rendered their decision upon facts and statutes similar to those here present, we shall not stop to inquire; for we think the legal principle herein controlling had been established for such a length of time in this state that a departure, if desirable, should originate with the legislature and not the court.

In the discharge of duties placed on municipal corporations by law they and their servants are regarded as governmental agencies, and not answerable for negligence at the suit of a private party. Especially is this true of quasi municipal corporations. Dosdall v.

County of Olmsted, 30 Minn. 96, 14 N. W. 458, 44 Am. Rep. 185; Bank v. Brainerd School District, 49 Minn. 106, 51 N. W. 814. The case of Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L. R. A. 151, involved a municipal corporation proper, and it was held not liable to the one injured because of the negligence of the city's servants in operating an elevator in its city hall. The liability of such a corporation for negligence in the care of its streets is there stated to be an exception to the rule which might be rested upon certain special considerations of public policy or upon the doctrine of stare decisis. That decision was followed in Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812.

In Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897, the city was held liable for a defect in a walk or foot path maintained in its park, but this holding was predicated upon the exception mentioned. One division of the syllabus reads: "Cities and villages are liable for injuries resulting from dangerous conditions in their streets; but, with this single exception, municipalities are not liable in damages for negligence in performing their governmental functions, unless such liability has been imposed by statute." The decision points out that the pathway there involved was not merely for purposes of pleasure and recreation, but was a thoroughfare for passing from one part of the city to another. Liability is not imposed by the mere fact that the city and park commission are charged with the duty of maintaining the parks and are given the authority to provide the funds needed therefor.

Cities, through park and school boards, have of late provided playgrounds equipped with various instrumentalities for exercise and amusement. Where this is done for the public good and gratuitously, the cities and their servants are to be regarded as agencies of the government, and are not acting in a proprietary character. The weight of authority and the better reasoning is to that effect, as will be found upon examination of the opinions above cited. The rule with its limitations is clearly stated by Chief Justice Rugg in Bolster v. City of Lawrence [225 Mass. 387, 389, 114 N. E. 722, L. R. A. 1917B, 1285]:

"The municipality, in the absence of special statute imposing liability is not liable for the tortious acts of its officers and servants in connection with the gratuitous performance of strictly public functions, imposed by the mandate of the Legislature or undertaken voluntarily by its permission, from which is derived no special corporate advantage, no pecuniary profit, and no enforced contribution from individuals particularly benefited by way of compensation for use or assessment for betterments."

There is no allegation in the complaint that the park commission or the city charged plaintiff or any one else a fee for using the slide or derived any income from the equipment furnished the public for amusement. In Bernstein v. Milwaukee [158 Wis. 576, 578, 149 N. W. 382, L. R. A. 1915C, 435], the court said the city's action in establishing the playground "was not one from which in its corporate capacity it could derive any special benefit or advantage. On the contrary, its action was the result of a duty conferred to conserve and develop the health and strength of future citizens of the state, and thus promote the general welfare of the whole community. Herein lies the distinction between the proprietary and governmental functions."

It is said no duty is imposed upon the city to maintain parks or equip them with instrumentalities for exercise or amusement; it has voluntarily entered the field. The charter authorizes the acquisition and maintenance of parks. This is sufficient. In Miller v. City of Minneapolis, 75 Minn. 131, 77 N. W. 788, the court said: "The city charter permits and authorizes, but does not compel, the city to maintain such a water plant and service. In maintaining the same for the use of its fire department, the city is performing a public or governmental function and is not liable for the negligence of its officers or servants in permitting the plant to be out of repair or out of condition for service." When, however, a city undertakes to furnish water or light to individuals for a price, liability attaches for negligence in the performance of such compensated service. Keever v. City of Mankato, 113 Minn. 55, 129 N. W. 158, 775, 33 L. R. A. (N. S.) 339, Ann. Cas. 1912A, 216; Brantman v. City of Canby, 119 Minn. 396, 138 N. W. 671, 43 L. R. A. (N. S.) 862.

There is no merit in the contention that the city is chargeable because the slide was a nuisance. The allegations of the complaint bring it not within the common law or statutory definition of a nuisance.

We are unable to see in the enactment of chapter 391, p. 552, Laws 1913, a legislative design to subject cities to private action for injuries growing out of the condition of their parks or playgrounds. No new right of action is therein sought to be created. It merely deals with notice of injury to the municipalities before suit may be maintained.

It seems to us that the law has heretofore been considered established in this state that, with the single exception of streets, municipalities are not liable in damages for negligence in performing their governmental functions. If the execption is to extend to parks and playgrounds, the legislature and not the courts should determine the question. It is one of expediency. If cities are to be subject to the risk of damage suits, they may well hesitate to acquire and equip public parks and school playgrounds so as to give the public the full measure of recreation and benefit obtainable therefrom. To impose liability is practically to make municipalities insurers against defects in public parks and in the appliances therein provided for public enjoyment, for we know how prone juries are to brush aside the questions of contributory negligence and unavoidable accidents and find in favor of the injured where a defendant has means at command. These matters and others relating to public welfare and individual rights with regard to the establishment and proper maintenance of public parks should be considered by the legislature before imposing liability upon the municipality for defects therein.

Order affirmed.