GENSCH, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*November 10—December 5, 1922.*

*Municipal corporations: Negligence in performance of govern-
mental function: Free bathing beaches.*

1. A city is not liable for damages caused by the negligence of
   its servants while engaged in the performance of a govern-
   mental function.
2. Thus, the negligence of city employees at a free public bathing
   beach in a city park, frequented by children while at play,
   in placing a box used as a locker in an open space in the rear
   of the bath-house, causing the death of a small child who
   climbed on top of the box and fell therefrom, is not action-
   able.

APPEAL from a judgment of the circuit court for Mil-
waukee county: G. N. RISJORD, Judge. *Reversed.*

Robert, the five years and two months old son of plaint-
iff, was killed June 5, 1918, at McKinley Park, which is a
small tract of land bordering on Lake Michigan in the
city of Milwaukee and is kept and maintained by the city
for park purposes. A portion of the beach is, with a bath-
house, devoted to the public use for bathing purposes. It
is a conceded fact that this bath-house and beach are not
maintained for revenue purposes, though a small charge
is made for articles furnished to bathers. A number of
wooden lockers or boxes were kept in the bath-house, each
about six feet long, five feet high, and seventeen inches
wide. Two or three of them had wooden backs and weighed
about 240 pounds each. At the time in question and while
the city employees were preparing for the bathing season
these lockers were taken out of the building to be cleaned
and those with backs were stood upright in the rear of the
bath-house and within the open space dedicated to park pur-
poses and accessible to the public and frequented by children
for playing purposes. The boy Robert, with other com-
panions of about the same age, had been wading in the

lake, and afterwards in playing climbed up on one of these standing lockers, which fell causing his instant death.

The superintendent and assistant superintendent of the bathing pavilion or bath-house were employed in connection with that service only and did not have any charge or supervision over the other portions of McKinley Park, but did direct the placing of these lockers. The following was found by the special verdict submitted to the jury:

(1) The box or locker falling on Robert Gensch was inherently dangerous to ordinarily prudent children playing in the park.

(2) It was attractive to such children.

(3) A person of ordinary intelligence and prudence should have contemplated that such box was liable to cause injury or death to such children.

(4) Such attractive and dangerous character of the box was the proximate cause of the death of Robert.

(5) There was no want of ordinary care on his part proximately contributing to his death.

(6) The damages were assessed at $500.

The usual motions were made by the respective parties after verdict, and judgment ordered for plaintiff for the amount assessed by the jury, from which judgment the defendant has appealed.

The plaintiff asks for a review on the question of damages and for the allowance of a larger sum.

*John M. Niven,* city attorney, for the appellant.

For the respondent there was a brief by *Herman F. Friedrich,* attorney, and *I. A. Fish,* of counsel, both of Milwaukee, and oral argument by *Mr. Fish.*

ESCHWEILER, J. We are compelled to come to the conclusion that there can be no recovery against the defendant in this action upon the principle so long established in this state that in the performance of a governmental function a city is not liable for the damages caused by the negligence of its servants engaged in that performance, as illustrated

and declared by such cases as *Nemet v. Kenosha,* 169 Wis. 379, 382, 172 N. W. 711; *Juul v. School Dist.* 168 Wis. 111, 112, 169 N. W. 309; *Bernstein v. Milwaukee,* 158 Wis. 576, 578, 149 N. W. 382; *Bruhnke v. LaCrosse,* 155 Wis. 485, 488, 144 N. W. 1100; *Higgins v. Superior,* 134 Wis. 264, 267, 114 N. W. 490.

The negligent act found by the jury to be the proximate cause of this unfortunate accident was one being performed by the employees of the defendant city as a proper part of their services in maintaining and operating the free public bathing beach as a portion of one of the city's public parks. The mere circumstance that this particular box was placed in the rear of the bathing pavilion and in a portion of the park devoted to the general purposes of such park rather than in front of the bathing pavilion and between that and the beach, a portion more particularly set aside for the use of the bathers, cannot take this particular case without the well established rule. The negligence, if any, was that of the employees of the city in the doing of city work and upon property kept and maintained by the city for public park purposes.

It follows that the defendant's motion for judgment in its favor should have been granted.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment dismissing the complaint.