ERICKSON, Administrator, Appellant, vs. VILLAGE OF WEST SALEM and others, Respondents.

*April 9—May 12, 1931.*

For the appellant there was a brief by *F. E. Withrow* and *O. J. Swennes,* both of La Crosse, and oral argument by *Mr. Swennes.*

For the respondents there was a brief by *Schlabach & Steele* and *Frank Winter,* all of La Crosse, and oral argument by *Otto M. Schlabach.*

NELSON, J. We confess, at the outset, that the unfortunate accident involved in this action makes a very

strong appeal to our sympathies. If it were possible to permit the plaintiff to recover without doing violence to the established law, each member of this court would experience a feeling of satisfaction, but, unfortunately, the law is so clear and so well settled that we are compelled to affirm the judgment of the trial court.

The law is established by numerous decisions of this court that a municipal corporation, such as a city or village, is not liable for the negligence of its officers or servants when engaged in the performance of a governmental function or when the relation between the person injured and the municipality is purely governmental in its nature. *Nemet v. Kenosha,* 169 Wis. 379, 382, 172 N. W. 711; *Juul v. School District,* 168 Wis. 111, 112, 169 N. W. 309; *Bernstein v. Milwaukee,* 158 Wis. 576, 578, 149 N. W. 382; *Bruhnke v. La Crosse,* 155 Wis. 485, 488, 144 N. W. 1100; *Higgins v. Superior,* 134 Wis. 264, 267, 114 N. W. 490; *Gensch v. Milwaukee,* 179 Wis. 95, 97, 190 N. W. 843; *Young v. Juneau County,* 192 Wis. 646, 212 N. W. 295; *Fiel v. Racine,* 203 Wis. 149, 233 N. W. 611. No extended discussion of the law as established by the numerous cases found in our Reports seems necessary or advisable at this time.

That parks, playgrounds, drains, ditches, and sewers are established, constructed, and maintained by municipalities acting solely in the performance of governmental functions seems so clear as not to admit of reasonable controversy. The village of West Salem, in constructing the open ditch and the closed sewer within its limits and for the benefit of all its residents, acted in its governmental capacity and was not liable for the negligence of its officers and servants in constructing or maintaining such sewer. The relation between the village and the deceased was that of governor and governed. In constructing and maintaining the sewer no private right was invaded. In this situation we can find no basis for liability. If it be desirable not to exempt

municipalities· from liability for the negligence of their officers and servants while acting in a governmental capacity, such action is for the legislature. This court cannot change the established law as to such exemption. *Apfelbacher v. State,* 160 Wis. 565, 152 N. W. 144; *Young v. Juneau County, supra.*

The plaintiff fully recognizes the established law and concedes that the village is not liable unless the facts of this case bring it within an exception thereto which he claims is well established.

The plaintiff earnestly contends that municipalities are liable for damages caused by the creation or maintenance of nuisances, whether in the performance of their governmental or proprietary functions, to the same extent as private persons are. A number of cases are cited by plaintiff in support of such contention: *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407; *Stephani v. Manitowoc,* 89 Wis. 467, 62 N. W. 176; *Winchell v. Waukesha,* 110 Wis. 101, 85 N. W. 668; *Bernstein v. Milwaukee, supra; Nemet v. Kenosha, supra; Matson v. Dane County,* 172 Wis. 522, 179 N. W. 774; *Jensen v. Oconto Falls,* 186 Wis. 386, 202 N. W. 676. While there is to be found in some of these decisions language which, when taken by itself alone and apart from the facts to which such language is applied, tends to support plaintiff's contention, we conclude, after carefully considering the decisions cited, the facts involved therein, and the language used by the court, that such cases do not support plaintiff's contentions. In *Hughes v. Fond du Lac, supra,* a large wooden roller was left by the city in a public street which frightened a horse and resulted in damage to the plaintiff. In that case it was held that the city had created a nuisance by carelessly leaving the roller where it obstructed a public street, which act was unlawful and in violation of its statutory duty as to its streets. In that case it was held that the city created a nuisance in the

public street, but it is evident that the decision is based upon the unlawful act of the city in obstructing the street in that manner. In *Stephani v. Manitowoc, supra,* a defective drawbridge was involved. The city was held liable on the ground of the city's failure to make the drawbridge safe to public travel. In *Winchell v. Waukesha, supra,* the city was held liable for discharging sewage into a navigable stream which polluted the same and produced noisome odors resulting in special and private damage to the plaintiff. In *Bernstein v. Milwaukee, supra,* it was held that the city was not liable for injury to a child which resulted from his playing with certain playground equipment which was suitable for older children. In *Nemet v. Kenosha, supra,* liability of the city was based on the fact that the excavation was made and maintained by the city in its proprietary capacity while engaged in the business of furnishing water to private consumers. In *Matson v. Dane County, supra,* a deep water-filled gully on privately owned lands, which had been produced by the negligent and careless construction of a culvert by the county, was involved. This court held that the complaint in that case stated a cause of action. In *Jensen v. Oconto Falls, supra,* the town had permitted a long culvert pipe to remain for a considerable length of time at the side of the road, which frightened a horse and caused damage. Liability of the town was sustained on the ground that the highway was defective and that, as to defective highways, the common-law rule exempting towns, cities, and villages from liability had been abrogated by statute (sec. 81.15).

It is quite apparent that none of the cases relied on supports plaintiff's contention. Several of them involve the duty of municipalities to maintain safe streets. Several involve the invasion of private rights. Some of them involve acts of municipalities in their proprietary capacities. None of them involves negligence of municipalities, or of their officers or servants, in doing lawful things, or in maintain-

ing lawful things, while acting in a governmental capacity. The purpose of the village of West Salem in constructing a ditch and sewer was lawful. Its maintenance thereof for drainage purposes was lawful. Its failure to guard the mouth of the sewer at best would constitute either negligent construction or negligent maintenance, while acting in its governmental capacity. For such negligence it is not liable.

For the reasons stated, the judgment of the trial court must be affirmed, although, as before intimated, we would be far happier if we were permitted to reach a different conclusion.

*By the Court.*—Judgment affirmed.