VIROVATZ and wife, Respondents, vs. CITY OF CUDAHY, Appellant.

*February 8—May 9, 1933.*

For the appellant the cause was submitted on the brief of *L. S. McParland* and *W. J. Riley,* both of Cudahy.

*M. J. Levin* of Milwaukee, for the respondents.

The following opinion was filed March 7, 1933:

FRITZ, J.    In this action plaintiffs seek to recover damages for the death of their son, who was drowned while bathing in a pond in a municipal park in the city of Cudahy. It is alleged in the complaint that the pond was maintained for the use and benefit of the public and that all were invited to bathe therein; that it was "an unfit and unsafe place for swimming and bathing and was a nuisance, and was imminently dangerous to the life and health of those who swam therein for the reason that the bottom of the aforesaid pond was rolling and was of uneven depth and contour and contained large step-offs—that the bottom thereof was composed of thick and heavy mud;" that although defendant knew of the condition, it took no steps to remedy the same by proper and adequate safeguards and means, and that as a result thereof the son was drowned.    In their complaint plaintiffs seek recovery on two causes of action, which are based upon the same allegations of fact.    In their first cause of action they charge that the defendant was negligent and liable on that ground.    In their second cause of action they charge defendant with the maintenance of a nuisance *per accidens,* and that it is liable on that ground.    A demurrer filed by defendant to each cause of action was overruled, and defendant appealed from the order to that effect.

On this appeal plaintiffs' attorney frankly concedes "that the Wisconsin rule, supported by the weight of authority, is that a municipality, while engaged in operating and maintaining a public bathing beach and pool, is performing a gov-

ernmental function, and that negligence in the performance of a governmental function by the officers and agents of a municipality does not give a right of action." Plaintiffs contend that "the complaint clearly reveals that the cause of action as stated in the complaint is based on the fact that the pond in question as pleaded was a public nuisance, and comes within the rule that a municipality may not maintain a public nuisance even though it is performing a governmental function. *Nemet v. Kenosha,* 169 Wis. 379, 172 N. W. 711; *Bernstein v. Milwaukee,* 158 Wis. 576, 149 N. W. 382; *Gensch v. Milwaukee,* 179 Wis. 95, 190 N. W. 843." In none of the cases thus cited and relied upon by plaintiffs was there a recovery from a municipality for a nuisance maintained by it in its governmental capacity.

In *Nemet v. Kenosha, supra,* the nuisance, which rendered the municipal bathing beach unsafe, grew out of acts done by the city in its proprietary capacity, and it was solely because of its acts in that capacity that it was held liable. It is true that in *Bernstein v. Milwaukee, supra,* after stating that "It has been decided many times in this court that negligence in the performance of a governmental function by the officers or agents of a municipality does not give a right of action" (citing cases), the opinion continues as follows:

"The exception to this rule is that a municipality may not maintain a public nuisance even where it is performing a governmental duty. *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407; *Gilluly v. Madison,* 63 Wis. 518, 24 N. W. 137; *Schroeder v. Baraboo,* 93 Wis. 95, 67 N. W. 27; and *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420."

That mere *obiter dicta* statement is not to be construed so as to extend the right to recover beyond the rule as it was laid down in the cases then cited. In the last of those cases, viz. *Folk v. Milwaukee, supra,* this court, in sustaining a demurrer to a complaint to recover from the city for the death of a pupil caused by sewer gas escaping into the school

building from a sewer therein, which had negligently, and with knowledge of the city authorities, been allowed to become out of repair and clogged up, said:

"We do not lose sight of the fact that there is another principle frequently approved by this court, namely, that a municipal corporation may not construct or maintain a nuisance in the street or upon its property to the damage of another, or negligently turn water or sewage upon the lands of another, without liability. *Gilluly v. Madison,* 63 Wis. 518, 24 N. W. 137; *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407; *Schroeder v. Baraboo,* 93 Wis. 95, 67 N. W 27. These cases all go upon the principle that the city cannot in the management of its corporate property create a nuisance injurious to the property or rights of others. In none of these cases were the city officers who were guilty of negligent or wrongful acts acting in a governmental capacity toward the person injured. In the present case, however, there can be no doubt that in the management of the school house the city officials were acting in a purely governmental capacity, as far as their relations to the deceased child were concerned. This consideration is, we think, controlling, and results in affirmance of the ruling of the trial court."

Thus, it is apparent that the right to recover from a municipality, for injuries sustained because of its creation or maintenance of a nuisance in its governmental capacity, does not exist in favor of a person toward whom the municipality was likewise acting in its governmental capacity. As that consideration is controlling, it is fatal to plaintiffs' case that in creating and maintaining the public bathing place, in which their son was drowned, while he was bathing therein, the defendant was acting purely in a governmental capacity toward him. That result is in accord with the decision in *Erickson v. West Salem,* 205 Wis. 107, 236 N. W. 579, in which a child, while at play, was drowned in an open ditch at the mouth of a sewer, which was located in a public park and within six feet of the street. The park, the sewer, and the ditch were constructed and maintained by the de-

fendant village in its governmental capacity. The plaintiff in that case contended that municipalities are liable for damages caused by the creation or maintenance of nuisances, whether in the performance of their governmental or proprietary functions, to the same extent as private persons are. In passing upon that contention, and discussing the cases then relied upon by the plaintiff, this court said:

"While there is to be found in some of these decisions language which, when taken by itself alone and apart from the facts to which such language is applied, tends to support plaintiff's contention, we conclude, after carefully considering the decisions cited, the facts involved therein, and the language used by the court, that such cases do not support plaintiff's contentions. . . .

"It is quite apparent that none of the cases relied on supports plaintiff's contention. Several of them involve the duty of municipalities to maintain safe streets. Several involve the invasion of private rights. Some of them involve acts of municipalities in their proprietary capacities. None of them involves negligence of municipalities, or of their officers or servants, in doing lawful things, or in maintaining lawful things, while acting in a governmental capacity."

*Winchell v. Waukesha,* 110 Wis. 101, 85 N. W. 668, and *Matson v. Dane County,* 172 Wis. 522, 179 N. W. 774, illustrate instances in which, because the relation that existed between a municipality and an injured party was that of one proprietor to another proprietor, and the injury was sustained by the latter in his capacity as a proprietor, and not as one of the governed toward whom the municipality was acting purely in its governmental capacity, it was held liable although the injury resulted from a nuisance maintained by the municipality in its governmental duties and capacity. In relation to the rule as to liability under such circumstances, this court said in *Young v. Juneau County,* 192 Wis. 646, 651, 212 N. W. 295:

"The basis of liability in the *Matson Case, supra,* and the cases cited there does not rest upon the fact that a nuisance

was maintained nor that the municipality was engaged in the discharge of a proprietary as distinguished from a governmental function, but upon the relation which existed between the party injured and the municipality. When the relation is that of governor and governed and the officer of the municipality is negligent in the discharge of his duty no liability arises, but when the relation between the municipality and the injured party is that of one proprietor to another, liability may arise."

It follows that in view of the relation which existed between the defendant and plaintiffs' son at the time of his injury, the defendant is not liable for his death, and the demurrer should have been sustained to both causes of action.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining defendant's demurrer to the complaint.

A motion for a rehearing was denied, with $25 costs, on May 9, 1933.