LAFFEY, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*April 8—May 6, 1958.*

112

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Peter M. Stupar,* assistant city attorney, and oral argument by *Mr. Stupar.*

For the respondent there was a brief by *Laurence Collins,* attorney, and *H. O. Wolfe* and *Wolfe, O'Leary & Kenney* of counsel, all of Milwaukee, and oral argument by *Mr. H. O. Wolfe* and *Mr. Collins.*

WINGERT, J.   In our opinion the demurrer to the complaint was properly overruled.

1. *Cause of action under sec. 81.15, Stats.* The complaint sufficiently states a case under sec. 81.15, Stats. That statute provides that "if damages happen to any person . . . by reason of the insufficiency or want of repairs of any highway which any . . . city . . . is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such . . . city . . . ," upon giving a prescribed notice to the city within thirty days after the accident; but "no action shall be maintained to recover damages for injuries sustained by reason of an accumulation of snow or

ice upon any bridge or highway, unless such accumulation existed for three weeks."

A public sidewalk is a "highway" within this statute. See, for example, *McHugh v. Minocqua,* 102 Wis. 291, 295, 78 N. W. 478; *Pias v. Racine,* 263 Wis. 504, 58 N. W. (2d) 67. An accumulation of ice on the sidewalk may constitute an "insufficiency or want of repair" thereof. *Trobaugh v. Milwaukee,* 265 Wis. 475, 485, 61 N. W. (2d) 866. The complaint now before us sufficiently alleges the giving of the required thirty days' notice to the city.

While the statute itself makes no mention of negligence as an element of liability, decisions of this court establish that an action under the statute is in legal contemplation an action for negligence. *Hales v. Wauwatosa,* 275 Wis. 445, 448, 82 N. W. (2d) 301. We need not now consider whether negligence must be affirmatively alleged in order to state a cause of action under this statute. While it is not specifically alleged in the body of the present complaint that the employees of the city were negligent in creating the icy condition or in failing to remove it, such negligence is asserted in the notice to the city, a copy of which is attached to the complaint and hence can be read into the complaint for the purpose of testing the sufficiency of the pleading. *Dralle v. Reedsburg,* 140 Wis. 319, 323, 122 N. W. 771.

The complaint is not fatally defective in failing to allege that the accumulation of ice on the sidewalk had existed for three weeks prior to the accident. Probably the allegation that it had been there "for a substantial period of time" and the allegation in the attached notice that it had been there for "an unreasonable length of time" would be sufficient on demurrer were the three weeks' duration an essential element of the cause of action; but we need not decide that point. In our opinion the provision of sec. 81.15, Stats., prohibiting recovery for injuries sustained "by reason of an accumulation of snow or ice upon any bridge or highway"

unless the accumulation had existed for three weeks, refers only to a natural accumulation of snow or ice, and does not apply to one artificially created by the city. The purpose of the particular provision is undoubtedly to give the municipality plenty of opportunity to learn of and remove snow and ice resulting from natural precipitation, before being held liable for failure to do so. We cannot believe the legislature intended to provide such a period of absolute immunity in cases where the city itself has negligently created the icy condition.

In his opinion holding the complaint good against demurrer, the learned circuit judge recorded the fact that plaintiff's attorneys stated in open court that the action is not brought pursuant to sec. 81.15, Stats., and is not predicated on negligence, but that liability is based solely on the doctrine of nuisance. That does not preclude us from affirming the order overruling the demurrer, on the theory disclaimed by counsel in the court below. Where we find an order to be correct, we may affirm it notwithstanding that counsel supported it on an erroneous theory, or even disclaimed the view of the law which we hold to be right.

2. *Nuisance theory.* Plaintiff contended in the trial court and here that irrespective of sec. 81.15, Stats., the complaint states a cause of action against the city for the maintenance of a nuisance, in the form of an accumulation of ice on the sidewalk created by the act of the city's fire department, and that plaintiff is entitled to recover his damages without showing negligence on the part of the city. We cannot agree. While it would be unnecessary to pass on that contention in order to affirm the order appealed from, the question was argued and we express our views on the matter for the guidance of the trial court and with the thought that a second appeal may perhaps be avoided thereby.

In our opinion it is unnecessary to determine whether or not the ice on the sidewalk constituted a nuisance. Nuisance

or no nuisance, the city is protected from liability by the doctrine of sovereign immunity, for the reasons set forth in the next two paragraphs, save only as the case falls within the limited waiver of such immunity embodied in sec. 81.15, Stats.

Except as otherwise provided by specific statute such as sec. 81.15, Stats., it is established law in this state that where a plaintiff is injured by a dangerous condition existing in a municipal facility maintained by the municipality in the exercise of its governmental functions, such as a swimming pool or public park, while plaintiff is using the facility for the purpose for which it is maintained, the municipality is not liable, even though the dangerous condition be a nuisance. *Erickson v. West Salem,* 205 Wis. 107, 109, 236 N. W. 579; *Virovatz v. Cudahy,* 211 Wis. 357, 360, 247 N. W. 341. See the discussion of the cases in *Flamingo v. Waukesha,* 262 Wis. 219, 55 N. W. (2d) 24. It is commonly said that while plaintiff is using the public facility for the purpose for which it is intended, the relationship of governor and governed exists between the parties, and where such relationship exists, the doctrine of sovereign immunity protects the municipality from liability.

That principle governs the present case, except as it falls within sec. 81.15, Stats. The nuisance, if nuisance it was, consisted of a dangerous condition of the public sidewalk, and it is immaterial whether the fire department or the sidewalk authorities created it. The maintenance of public sidewalks is a governmental function of the municipality. *Flamingo v. Waukesha,* 262 Wis. 219, 221, 55 N. W. (2d) 24. Plaintiff was using the sidewalk for its intended purpose. Hence, apart from sec. 81.15, the city is not liable for the nuisance condition as such.

*Robb v. Milwaukee,* 241 Wis. 432, 6 N. W. (2d) 222, was a very different case. There plaintiff was injured while walking on a city street, by a baseball which had been batted over

the fence from a city-operated baseball park, from which balls were frequently hit into the street. A majority of the court considered that in these circumstances the escaping balls constituted a nuisance, for damages resulting from which the city was liable to one who was using the street but not the baseball field. There the plaintiff was not using the facility from which the danger arose and hence, said the majority of the court, the relationship of governor and governed did not exist with respect to the agency which caused the danger. (241 Wis. at p. 441.)

If in the present case the fire department, while fighting an off street fire had hit and injured plaintiff with a stream of water from a hose, while he was walking on the street, the case might be akin to that of *Robb, supra*. In the present case, however, while the fire department originally poured the water on the sidewalk, plaintiff's injuries were immediately caused not by that action, but rather by the dangerous condition which thereafter arose on the sidewalk by the freezing of the water that was permitted to remain there by those in charge of the sidewalks. In short, plaintiff was injured by a defective sidewalk, and not by a force emanating from a facility he was not using. Therefore the case falls within *Virovatz v. Cudahy,* 211 Wis. 357, 247 N. W. 341, rather than *Robb, supra.*

The order appealed from granted leave to the defendant to answer within ten days after service of notice of entry of the order. Such permission should be extended to the expiration of ten days after receipt of the record by the circuit court on remittitur.

*By the Court.*—The order appealed from is modified to provide that defendant may serve and file an answer within ten days after the receipt of the record by the circuit court on remittitur from this court, and, as so modified, is affirmed.

HALLOWS, J., took no part.