WOHLLEBEN, General Guardian, and others, Appellants, v. CITY OF PARK FALLS and another, Respondents.

*March 5—March 31, 1964.*

For the appellants there was a brief and oral argument by *Donald G. Olson* and *John W. Slaby,* both of Phillips.

For the respondents there was a brief by *O'Melia & Kaye* of Rhinelander, for the city of Park Falls, and *Powell, Sprowls & Gee* of Superior, for Joint School District No. 2, and oral argument by *Walter F. Kaye* and *Robert H. Gee.*

GORDON, J. Because the injuries in this case occurred prior to the effective date of *Holytz v. Milwaukee* (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618, the defendants have the protection of governmental immunity. It therefore becomes necessary for us to determine what we have referred to as the "elusive issue" of governmental function versus proprietary function (see *Holytz Case,* p. 29).

The instant case is governed by our decisions in *Virovatz v. Cudahy* (1933), 211 Wis. 357, 247 N. W. 341, and *Gensch v. Milwaukee* (1922), 179 Wis. 95, 190 N. W. 843. In the *Virovatz Case,* a child was drowned while bathing in a municipal swimming pond in the city of Cudahy. It was determined that the city, in maintaining the swimming pond,

was performing a governmental function and could not be held liable for the child's death. In the *Gensch Case,* a boy was killed when a large wooden locker which had been placed adjacent to a bathhouse of a city bathing beach fell upon him; this court held that there could be no recovery against the municipality, since the city was performing a governmental function.

The appellants contend that there is no governmental function involved in the instant case because, by permitting the logs to remain in the pool, the city allowed a dangerous instrumentality in the pool; it is urged that the logs did not further the regular usage of the pool. We do not believe that the logs can fairly be denominated as dangerous instrumentalities, nor did the introduction of such logs transform the pool from a governmental function to a proprietary one.

The appellants' argument concerning the introduction of a foreign element would seem more logically to be an assertion of the existence of a nuisance. However, it is clear that the relationship of governor to governed existed between the respondents and Marie Wohlleben, and thus there can be no valid cause of action based either upon negligence or upon nuisance.

The appellants' reliance upon *Britten v. Eau Claire* (1952), 260 Wis. 382, 51 N. W. (2d) 30, is misplaced. There the municipality was deemed to be operating in a proprietary capacity when it parked its road-grading equipment overnight upon a vacant lot which was not owned by the city. The city became responsible for maintaining an attractive nuisance which was thereby created.

We do not consider that the case of *Robb v. Milwaukee* (1942), 241 Wis. 432, 6 N. W. (2d) 222, supports the appellants' position. The injured plaintiff in the *Robb Case* was struck by a baseball while she walked on a public sidewalk outside the baseball park. The court held, at page 441, that Marie Robb "was not availing herself of the benefit of

the instrumentality furnished by the city for the general good, and the relation of governor and governed did not exist between the city and her."

The trial court properly sustained the demurrers to the complaint. However, the appellants also complain that the trial court denied to them the right to plead over. They assert that under *Marshall v. Green Bay* (1963), 18 Wis. (2d) 496, 118 N. W. (2d) 715, they should be permitted to plead a cause of action based upon the waiver of governmental immunity which flowed from the purchase of insurance by the defendants. Since the case is here on demurrer, there is not an adequate record to establish whether the plaintiffs can qualify under the *Marshall Case*. We conclude that the plaintiffs should be afforded the right to plead over.

Although the order entered by the trial court must be modified in favor of the appellants, we nevertheless consider that, so far as costs are concerned, it is the respondents who have prevailed on this appeal, and, therefore, costs should be awarded to the latter.

*By the Court.*—Order modified to provide that plaintiffs may file an amended complaint within twenty days after the return of the record to the circuit court and, as so modified, affirmed. Respondents to have their costs on this appeal.